AO106(Rev.5/85) Affidavit for Search Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Search of
(Name, address or brief description of person, property, or premises to be searched)

NEXTEL CELLULAR TELEPHONE, SERIAL NUMBER 364VGW3WFX

## APPLICATION AND AFFIDAVIT
## FOR SEARCH WARRANT

CASE NUMBER:

(Further described below)

I __LORENZO JAMES__ being duly sworn depose and say:

I am a(n) __Detective with the Metropolitan Police Department__ and have reason to believe
(Official Title)

that (name, description and or location)
CONTAINED WITHIN A NEXTEL CELLULAR TELEPHONE BEARING SERIAL NUMBER 364VGW3WFX

in the District of Columbia, there is now concealed a certain person or property, namely (describe the person or property to be searched)
INFORMATION, INCLUDING TELEPHONE NUMBERS, NAMES, NICKNAMES, AND CALL RECORDS

which is (state one or more bases for search and seizure set forth under Rule 41(c) of the Federal Rules of Criminal Procedure)
THAT CONSITUTE EVIDENCE OF CRIMINAL OFFENSES

concerning a violation of Title __21 USC__ United States Code, Section(s) __841(A), 846__. The facts to support a finding of Probable Cause are as follows:

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

Continued on the attached sheet and made a part hereof.     X YES   ☐ NO

PATRICIA STEWART
FEDERAL MAJOR CRIMES           Signature of Affiant
(202)202-514-7064

Sworn to before me, and subscribed in my presence

_____           at Washington, D.C.
Date

_____           _____
Name and Title of Judicial Officer           Signature of Judicial Officer

**AFFIDAVIT IN SUPPORT OF SEARCH WARRANT APPLICATION FOR A NEXTEL CELLULAR TELEPHONE, SERIAL NUMBER 364VGW3WFX AND A MOTOROLA CELLULAR TELEPHONE, SERIAL NUMBER R2104X1.00.UK**

      1. Your affiant has been a member of the Metropolitan Police Department for over 17 years. I have been involved in the investigations of vice related crimes for approximately 16 years. I have been assigned to the Narcotics and Special Investigations Division for approximately 15 years. Your affiant is currently assigned to the Narcotics and Special Investigations Division, Interdiction Unit and has been deputized as a Special Deputy of the United States Marshal and Alcohol and Tobacco and Firearms (A.T.F.). Over the past fifteen years, your affiant has been assigned to specialized investigative units, such as the Financial Investigation Unit of MPD, F.B.I. Group C-13, A.T.F./ MPD Task Force, MPD and F.B.I. Group C-16 Safe Streets Unit and also the D.E.A. Mass Transportation Interdiction Unit. These units have been involved in investigating violations of the narcotics laws and gun laws of both Superior and the District Courts of the District of Columbia. Your affiant has been involved in at least 200 investigations of violations of the narcotics laws and gun laws. Your affiant has been involved in arrests of couriers of narcotics and firearms on Amtrak trains and Greyhound buses and has participated in controlled deliveries of narcotics being distributed through the U.S. Mail or other delivery services, which resulted in the arrest of the recipient(s).

      2. In your affiant's training and experience, it is common for narcotic traffickers to utilize cellular telephones to facilitate communications between themselves, their suppliers and their customers. In your affiant's training and experience it is common for narcotic traffickers to utilize these telephones because of their mobility, their relative security, and their belief that law enforcement has more difficulty intercepting cellular telephone calls. Some cellular telephones also sometimes keep a record of the most recent calls that were made from and received by the cellular telephone and "telephone books" or contact lists that contain the telephone numbers and names or nicknames of associates and coconspirators. In addition, narcotics traffickers may use cellular telephones to take and store photo images to keep photographs of their associates.

      3. Based on your affiant's training and experience your affiant knows that cellular telephones have the capacity also to store both voice mail messages in the telephone. Once stored in the user's telephone, the messages generally can be assessed only by the use of a password or code that is put into the telephone by pressing the numeric keys on the instrument. Your affiant is further aware that the service providers providing service for cellular telephones have the ability to override the user's password and access the stored communications, provided that the service provider knows the assigned telephone number of the phone.

4.	This affidavit only contains such information as is necessary to show that there is probable cause to believe that fruits and evidence of the following crimes, specifically, possession with the intent to distribute and the distribution of controlled substances, in violation of 21 USC § 841(a)(1); conspiracy to commit such offenses, in violation of 21 U.S.C. § 846, will be found in the target items.

5. On May 6, 2007, your affiant and other members of the MPD Interdiction Unit, boarded AMTRACK train 20 at Union Station in the District of Columbia. Based on travel records that indicated that XXXXX XXXXXX and a female companion were traveling on the train from New Orleans, Louisiana to New York City, and were occupying sleeper car room #7 on the train, the officers went to that room and knocked on the door. XXXXXX allowed them entry. The room was occupied by XXXXXX and a female. In response to questions by the officers, XXXXXX stated that he was not traveling with any illegal items such as flammable liquids, sharp items, weapons, narcotic drugs, or large sums of money. He produced AMTRAK travel ticket stub that indicated that he and his companion traveled from Tuscon, Arizona to New Orleans on May 3,- May 4, 2007, and were traveling from New Orleans to New York, by way of Washington, D.C. on May 5-May 7, 2007.

6. XXXXXX consented to a search of the sleeping compartment and his luggage. Officers recovered from inside a black and red duffle bag that was located on in an overhead storage bin, a total of ten bricks of a white, hard compressed substance that appeared in your affiant's experience to be cocaine. A portion of the substance was field tested and tested positive for cocaine. Also inside the bag was male clothing that appeared to be in the size that XXXXXX would wear. Recovered from the XXXXXX's person was $1,159.25 in United States currency.

7. During the search of the sleeping car, officers recovered two cellular telephones: a gray Nextel 1580 model with serial number 364VGW3WFX was located next to the defendant; a gray and black Motorola flip cellular phone with serial number R2104X1.00I.U.K. was found near personal possessions of the female. The female passenger asked police officers to allow her to keep her telephone, identifying the Motorola cellular telephone as belonging to her.

8. Both XXXXXX and the female were arrested. During the booking process both cellular telephones rang continuously. After the Nextel telephone had run numerous times without being answered, the Direct Connect feature of the Nextel telephone was utilized and an unidentified individual could be heard saying "Pick up dude". Based on my experience and training and the number and timing of the telephone calls to the cellular telephones utilized by XXXXXX and his female companion, I have reason to believe that some of the telephone calls to the cellular telephone calls may have been made by a coconspirators who were waiting for XXXXXX to arrived in New York City with the cocaine seized by police

9. XXXXXX has been charged in United States District Court with possession with intent to distribute cocaine in violation of 21 U.S.C. §841(a). Your affiant believes that information contained within the above described cellular telephones will provide relevant evidence of that offense and of the offense of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S. C. §846. Specifically, your affiant wishes to search for text messages, photographs, lists of telephone numbers from which calls were placed to or from the cellular telephones, as well as names and telephone numbers listed in the "telephone book" feature of the telephone.

10. In addition, your affiant wishes to access the password protected voice mail features of the two target telephones. In order to access the voice mail, the service provider for each telephone must override the password feature to access the stored communications in the voice mail feature. Your affiant knows that service to Nextel cellular telephones is provided exclusively by Nextel Communications. Your affiant does not know the telephone number assigned by Nextel Communications to the seized Nextel cellular telephone. Your affiant does not know either the service provider for the Motorola telephone or the assigned telephone number. A search of the telephones will allow investigators to determine the assigned telephone numbers by use of a function of cellular telephone that displays the assigned number to the user. The service provider for the Motorola cellular telephone can then be determined through the assigned number. Once that information is obtained, your affiant will then seek another search warrant authorizing the service provider to provide access to the stored electronic communications in the cellular telephones.

11. Based on the listed facts your affiant submits that there is probable cause to believe that XXXXX XXXXXX and others were involved in the unlawful possession with intent to distribute cocaine and conspiracy to distribute and possess with intent to distribute cocaine, that cellular telephones described herein were used to facilitate those illegal activities and that there is probable cause to believe that there currently is secreted within the cellular telephones evidence of those offenses.
telephones.

                                      DETECTIVE LORENZO JAMES
                                      METROPOLITAN POLICE DEPARTMENT

Sworn and subscribed to before me on this _____ day of May, 2007.

                                      ALAN KAY
                                      UNITED STATES MAGISTRATE JUDGE